(1 App. Div. 538.)

FLACK v. BRASSEL et al.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

ACTION ON BOND OF DEPUTY SHERIFF—PLEADINGS IN ANOTHER ACTION AS EVIDENCE.

In an action by a sheriff, on a deputy's bond, for loss arising from failure of the deputy to notify the sheriff that a check received by the deputy from a claimant of attached goods, pursuant to a stipulation between the attachment plaintiff and claimant to secure release of the goods, was, by the stipulation, given as absolute security for any judgment the attachment plaintiff might recover in his action, and not merely in substitution for the attached goods, it appeared that in an action by the claimant against the sheriff, in which the claimant recovered the check, the sheriff, in his answer, alleged that he, by one of his deputies, received the check from claimant, and a receipt was given therefor by the deputy, stating that it was deposited in lieu of the attached goods; that thereafter the attachment plaintiff claimed that the check was the property of the attachment defendant, and that the sheriff should apply it in satisfaction of any judgment which the attachment plaintiff might recover in his action against the attachment defendant; and, further, that claimant's claim had been waived by his consent and agreement. Held, that such answer was not evidence that, prior to decision of the case of claimant against the sheriff, the sheriff had knowledge of the provision of the stipulation that the check was to be held as absolute security for any judgment of plaintiff in attachment.

Appeal from judgment on report of referee.

Action by James A. Flack against Roday S. Brassel and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Furber, for appellants.

A. Kling, for respondent.

VAN BRUNT, P. J.   This action was brought to recover for the breach of the condition of a bond executed by Roday S. Brassel, Andrew Horn, David Moss, and Thomas Melville, and given by the defendant Brassel to the plaintiff, as sheriff, upon his (Brassel's) appointment as deputy sheriff.   The conditions and obligations of said bond are that:

"If the said Roday S. Brassel shall in all things well and truly execute the office of deputy sheriff, and if the said defendants, heirs, executors, and administrators, would keep harmless and indemnify the plaintiff concerning the execution and return of all summonses, orders, judgments, process, writs, or warrants, of whatever nature soever, as are or shall be delivered to the sheriff of the city and county of New York, or directed to him, and shall be delivered to the said Roday S. Brassel during the time he, the said deputy sheriff, shall or may, by virtue of the warrant aforesaid, use or exercise the said office of deputy sheriff as aforesaid, and shall also save and keep harmless the plaintiff from all liability and from all damages imposed or prosecuted against the said James A. Flack, as sheriff, for or by reason of the said Roday S. Brassel wrongfully or neglectfully executing his said office of deputy sheriff during the time aforesaid, or for and by reason of any manner of nonfeasance or misfeasance or malconduct of the said Roday S. Brassel in the execution of his said office of deputy sheriff, then the obligation to be void, otherwise to remain in full force and virtue."

The complaint alleged certain derelictions of duty upon the part of the defendant Brassel, and damage to the plaintiff, and demanded judgment.   The defendants answered, and the issues raised by the answer were referred to a referee, who reported in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

The facts appearing before the referee were as follows:

Alfred A. Blair and Albert Hallett instituted an action against the Illustrated News Company, a foreign corporation, in the city court of New York, and procured an attachment against the property of the defendant; upon the ground that it was a foreign corporation, which attachment was directed to the sheriff of the city and county of New York, and was delivered to said sheriff.   The defendant Brassel was the deputy to whom was assigned the execution of the attachment, and he levied upon certain books and papers alleged to belong to the said Illustrated News Company, and took possession thereof.   One Horace J. Adams, residing in Boston, Mass., made claim to this property, and demanded the return thereof, upon the ground that he was the owner.   Certain negotiations were had between the clerk of Brassel, who had charge of the matter, and Adams, which resulted in the writing of a letter by the clerk of Brassel to the attorney of Blair & Hallett, as follows:

"New York, March 7, 1889.

"Geo. H. Fletcher, Esq., Atty., &c.—Dear Sir: Please give bearer stipulation to sheriff, authorizing him to release levy on goods in Hobby's storehouse on receipt by him (the sheriff) of the check of Jordan, Marsh & Co., and to transfer levy from goods to check. Make it in the form of a stipulation to be signed by you and Mr. Adams. Please sign yourself, before delivering to bearer.

"Yours, &c.,                                    R. P. Brassel, per J. Costa, Jr."

Thereupon a stipulation'was given in pursuance of said letter, and signed by said Fletcher, as attorney for Blair & Hallett, as follows:

"It is hereby stipulated and agreed by and between the plaintiffs herein and Horace J. Adams, claimant to certain property now subject to an attachment, and in the stores known as 'Hobby's Stores,' or warehouses, in the city of New York, that a certain check of Messrs. Jordan, Marsh & Co., of Boston, for an amount sufficient to pay plaintiffs' claim, interest, costs, and sheriff's charges, be accepted in place of said property, and that when the said check shall be received by the sheriff of the city and county of New York, either drawn or indorsed, so that the same can be collected by him, that the same be accepted by the said sheriff as in place of the lien of the said attachment, and then to be held by said sheriff as security for the claim of plaintiffs until final judgment in this action.

"Dated New York, March 7, 1889.

"George H. Fletcher, Pl'ffs' Atty."

It further appears that Brassel informed the undersheriff of the seizure of the newspapers, and that he desired to substitute the money in lieu of the goods, to which the undersheriff agreed. Adams duly delivered the check mentioned in the stipulation to Brassel, who collected the money upon the same, and gave his check for the amount to the plaintiff. The goods were thereupon delivered to Adams. An inquiry as to the title to the goods or money seems to have been had before a sheriff's jury, which jury found that the title was in Adams. Prior to the trial before the sheriff's jury, Brassel told the undersheriff that Adams was here looking for the money; further stating that he did not see why the undersheriff should not give it to him. And subsequent to such trial Brassel again informed the undersheriff that Adams wanted his money, and he did not see why he should not get it, to which the undersheriff replied that he would have to sue for it. Brassel also testified that at the time he received the money he told the undersheriff that Adams would reclaim the money, as he contended that the goods were his. In due course of time, Blair & Hallett obtained judgment in their action against the Illustrated News Company, and issued an execution on the 18th of April, 1889, which was returned unsatisfied. On the 17th of April, 1889, Adams commenced an action against the plaintiff herein, as sheriff, to recover $1,400, the amount of the check above mentioned, as being his property; and on the 11th of April, 1890, obtained judgment, and the same was paid. On the 11th of June, 1890, Blair & Hallett commenced an action against the plaintiff, as sheriff, upon the ground that he had received the check of Jordan, Marsh & Co., above referred to, as absolute security for the payment of any judgment which might be obtained in the action in which the attachment was issued. Judgment was obtained in this action against the sheriff. An appeal was taken to the general term (17 N. Y. Supp. 64; 21 N. Y. Supp. 754), and to the court of appeals (35 N. E. 941), where the judgment was finally affirmed, and the sheriff paid the same; and it was for the amount of this judgment and counsel fees that judgment was awarded in the case at bar, upon the ground that Brassel never informed the sheriff that the money received upon the check in question was to be held as security for the Blair & Hallett attachment, but that all that he in-

formed the sheriff was that the check was received in lieu of the goods. The testimony of Brassel is entirely to that effect. He says that he told the undersheriff that he wanted to substitute the money in place of the goods; and after the trial by the sheriff's jury, and even before, he urged upon the undersheriff the fact that Adams was the owner of the goods, and that, therefore, the check, or the money realized therefrom, should be delivered up to him. But it is urged that the sheriff must have known of the condition of this stipulation, because, in the action brought by Adams against him, in his answer, he alleged, after speaking of the levy under the attachment against the Illustrated News Company—

"That said property was thereupon claimed by the plaintiff in this action, and thereafter this defendant, by one of his general deputies, received from the plaintiff a check of Jordan, Marsh & Co. for $1,400, drawn on the National Revere Bank, and a receipt was given for said check by one of the general deputies of this defendant, stating that said check had been deposited in lieu of the goods attached as the property of the Illustrated News Company, and that thereafter the said Blair & Hallett made claim that the check was the property of the Illustrated News Company, and that the defendant should apply the proceeds of the check in satisfaction of any judgment which said Blair & Hallett might recover in their action against the Illustrated News Company, and, further, that the claim of said Adams, the plaintiff, had been waived by the consent and agreement of said Adams."

But this allegation in the answer is no evidence that plaintiff had knowledge of the provision of the stipulation that this check was to be held as absolute security for the judgment. Certainly the defendant Brassel never notified the undersheriff to that effect, so far as his testimony shows, and there is no evidence that the sheriff knew at the time of the contents of that stipulation. The allegation in the answer was simply a statement that Blair & Hallett claimed that the Illustrated News Company was the owner of the goods, and therefore entitled to the money, and that the substitution of the goods for the money was a waiver of the claim of Adams. It seems to us that it is impossible to hold, in the absence of any testimony showing any communication whatever to the sheriff or his undersheriff in respect to the contents of this stipulation, that from this allegation he must be proven to have knowledge of it. The whole testimony of Brassel is that the subject of his conversations with the undersheriff was substitution, and nothing else; and there is no evidence whatever that, prior to the trial and decision of the case of Adams against the sheriff, the sheriff had any knowledge of the security clause. In fact, the sheriff expressly swore that he had no such knowledge.

A claim was made upon the argument that there was a defect in the allegations of the complaint. But, if any such defect existed, our attention has not been called to the place in the record where any objection was taken upon that ground.

There are no other exceptions which require special mention. Upon the facts appearing, we think the judgment was right, and should be affirmed, with costs. All concur.